## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWEET DREAMS RESORT LLC, d/b/a RODEWAY INN OCEANVIEW<br><br>Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE COMPANY<br><br>Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from:<br>Superior Court of New Jersey<br>Law Division: Atlantic County<br>Docket No.: ATL-L-000078-26] |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Kinsale Insurance Company ("Defendant" or "KIC"), by and through its undersigned counsel, Kennedys CMK LLP, hereby removes the above-captioned action from the Superior Court of New Jersey Law Division: Atlantic County, Docket No.: ATL-L-000078-26, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant respectfully states as follows:

### STATEMENT OF JURISDICTION

1. Pursuant to 28 U.S.C. § 1441, removal is proper because this Court has jurisdiction under 28 U.S.C. § 1332 as this is a civil action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### THE STATE COURT ACTION

2. On January 13, 2026, Sweet Dreams Resort LLC, d/b/a Rodeway Inn Oceanview (the "Plaintiff") filed this civil action against Defendant in the Superior Court of New Jersey Law Division: Atlantic County styled as *Sweet Dreams Resort, LLC v. Kinsale Insurance Company*, Docket No.: ATL-L-000078-26 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action with its exhibits is attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

3. Defendant has not filed an answer or other responsive pleading to the State Court Action, no proceedings have been conducted in the State Court Action, and no orders have been entered in the action.

4. In the State Court Action, Plaintiff seeks insurance coverage under a policy issued by KIC to Sweet Dreams Resort LLC, d/b/a Rodeway Inn Oceanview, numbered 0100294829-1 (the "KIC Policy" or "the Policy"). The KIC Policy incepted on April 12, 2025 and was cancelled by endorsement on December 14, 2025. *See* **Exhibit A ¶¶ 2-5, 9-10.**

5. It is alleged that on and around June 10, 2025, the subject property was damaged as a result of a sudden and accidental direct physical loss (the "First Loss"). **Exhibit A ¶ 3.**

6. It is further alleged that on and around June 16, 2025, the subject property was damaged as a result of a sudden and accidental direct physical loss (the "Second Loss").[1] **Exhibit A ¶ 10.**

7. Subsequent to the alleged Loss, Plaintiff submitted an insurance claim to KIC seeking to be indemnified for the property damage sustained. *See* **Exhibit A ¶¶ 4-5, 11-12.**

8. By letter dated August 25, 2025, KIC disclaimed coverage and denied any obligation to indemnify Plaintiff under the Policy for the alleged property damage.

9. Plaintiff alleges that KIC wrongfully failed to indemnify it for the damages to the subject property, and that KIC's declination of coverage under the Policy constitutes a breach of contract. *See* **Exhibit A ¶¶ 5-6, 12-13.**

10. Plaintiff alleges that it has suffered loss and damage to the subject property and was forced to incur expenses to repair and replace the resulting damage, solely as a result of KIC's declination of coverage under the Policy. **Exhibit A ¶¶ 7, 14.**

## **THE NOTICE OF REMOVAL IS TIMELY**

---

[1] When this insurance claim was reported to KIC prior to the commencement of this lawsuit, it was reported as a single alleged loss that occurred on June 10, 2025; it was not reported as two losses.

11. Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.

12. KIC received a copy of the Summons and the Complaint on January 27, 2026. A copy is annexed hereto as **Exhibit B.**

13. Therefore, this Notice of Removal, which is being filed on February 26, 2026, is timely filed within 30 days after receipt by defendant of Plaintiff's initial pleading under 28 U.S.C. § 1446(b). *See Ceres Terminal, Inc. v. United Healthcare Ins. Co.*, No. 06-254, 2006 WL 8457649, at *3 (D.N.J. May 18, 2006) (The thirty day period during which a Notice of Removal must be filed commences when a defendant receives a copy of the summons and complaint from the Commissioner of the New Jersey Department of Banking and Insurance).

## GROUNDS FOR REMOVAL

14. Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a).

15. Venue in this Court is proper under 28 U.S.C. § 1441 and 1391(b)(2) because this Court is the judicial district where the State Court Action is pending and in which Plaintiff resides and maintains its principal place of business.

16. This civil action is removable from the Superior Court of New Jersey Law Division: Atlantic County, to the United States District Court for the District of New Jersey because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1441 (providing that a state court action may be removed to a United States District Court where such District Court has jurisdiction); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs and is between . . . citizens of different states").

A.     **The Amount In Controversy Exceeds $75,000**

17.    In this action, the Plaintiff demands a judgment for "compensatory damages" pursuant to the terms of the Policy with costs and interest of suit. *See* **Exhibit A**.

18.    When a complaint, on its face, seeks an indeterminate amount, does not limit its request for damages to a precise monetary amount, or is not a complaint for monetary damages, federal courts may properly look to a notice of removal in order to make an independent evaluation of the value of the claim. *See, e.g. Sadler v. State Farm Fire & Cas. Co.*, 2008 WL 4960218, at *2 (W.D. Pa. Nov. 19, 2008).

19.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." No evidentiary support is required, and "[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Rosenblatt v. Nuplexa Grp., Inc.*, Civil Action No. 2:16-cv-01064(ES-SCM), 2016 U.S. Dist. LEXIS 84619, at *6 (D.N.J. May 27, 2016).

20.    While the Complaint does not demand a specific sum, Plaintiff alleges it sustained a sudden and accidental direct physical loss to the subject property for which KIC allegedly failed and refused to pay benefits owed under the Policy, causing Plaintiff to incur costs to repair and replace the damaged property. **Exhibit A** ¶¶ 7, 14.

21.    In the underlying insurance claim, Plaintiff alleged water damage affecting at least ten (10) rooms of the subject property. Plaintiff further represented in written correspondence that, in addition to its repair and replacement costs for which it seeks damages, Plaintiff also allegedly incurred approximately $40,000 in additional lost business income over a two-month period due to the alleged damage and delay in repairs.

22.     Accordingly, the amount that Defendant is alleged to be liable for in this action exceeds $75,000, exclusive of interests and costs, for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**B.     There is Complete Diversity of Citizenship Between the Parties**

23.     There is complete diversity of citizenship between the Plaintiff and the Defendant.

24.     Plaintiff Sweet Dreams Resort LLC, d/b/a Rodeway Inn Oceanview is a domestic limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey, as evidenced by **Exhibit C** at p. 1 – Business Record Service, New Jersey Department of Treasury, Division of Revenue & Enterprises Services, Certification of Standing; *see also* **Exhibit D**, Business Record Service, New Jersey Department of Treasury, Division of Revenue & Enterprises Services, Status Report.

25.     Plaintiff Sweet Dreams Resort LLC d/b/a Rodeway Inn Oceanview's sole member is Sathi Khatun, a natural person who is a resident of New Jersey, as evidenced by **Exhibit D** at pp. 2, 5; *see also* **Exhibit C**.

26.     Plaintiff Sweet Dreams Resort LLC d/b/a Rodeway Inn Oceanview is therefore a citizen of New Jersey because its sole member, Sathi Khatun, is a citizen of New Jersey.

27.     Defendant KIC is a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia and is therefore a citizen of Arkansas and Virginia for purposes of diversity citizenship pursuant to 28 U.S.C. § 1332.

28.     Accordingly, the Court has subject matter jurisdiction over this matter because: (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) there is complete diversity of citizenship as between the Plaintiff and the Defendant.

## **NOTICE**

29. In accordance with 28 U.S.C. § 1446(d) and 9 U.S.C. § 205, KIC will promptly give notice to all parties in writing and shall file a copy of the Notice of Removal with the Superior Court of New Jersey Law Division: Atlantic County.

30. In removing the State Court Action, KIC specifically preserves, and does not waive, any and all objections, exceptions, responses or defenses to the Complaint, including but not limited to, moving to have this matter dismissed.

31. KIC reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, KIC hereby removes this action pending in the Superior Court of New Jersey Law Division: Atlantic County, Docket No.: ATL-L-000078-26 to this Court.

Dated: Berkeley Heights, New Jersey
February 26, 2026

Respectfully submitted,

**KENNEDYS CMK LLP**

*/s/ Eduardo DeMarco*
Sean P. Mahoney, Esq.
Eduardo DeMarco, Esq.
400 Connell Drive, Suite 700
Berkeley Heights, NJ 07922
Tel.  (908) 848-6300
Fax: (908) 647-8390
Sean.Mahoney@kennedyslaw.com
Eduardo.DeMarco@kennedyslaw.com

*Attorneys for Defendant*
*Kinsale Insurance Company*