## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWEET DREAMS RESORT LLC, d/b/a RODEWAY INN OCEANVIEW<br><br>        Plaintiff,<br><br>  v.<br><br>KINSALE INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No.:  1:26-cv-002021<br><br><br>**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Kinsale Insurance Company ("KIC" or "Defendant"), by and through its undersigned attorneys, Kennedys CMK LLP, hereby responds to Plaintiff's Complaint in the above-captioned matter as follows:

### PREFATORY STATEMENT

For ease of reference, KIC has arranged its Answer in the same manner used by Plaintiff in asserting its causes of action, including mirroring the headings utilized by Plaintiff.  However, KIC specifically and generally denies any and all of the headings to the extent such headings are an attempt by Plaintiff to characterize the conduct and/or liability of KIC.

### FIRST COUNT

1. Admitted in part and denied in part.  It is admitted only that KIC is an eligible excess and surplus lines insurer in the State of New Jersey, and that KIC is a corporation organized under the laws of the State of Arkansas with its principal place of business located in Richmond, Virginia. Defendant otherwise denies the allegations contained in paragraph "1" of the Complaint.

2. Admitted in part and denied in part.  It is admitted only that KIC issued policy number 0100294829-1 to "Sweet Dreams Resort LLC dba Rodeway Inn Oceanview" for the policy period from April 12, 2025 to April 12, 2026 (the "Policy" or "KIC Policy"), which Policy

provides certain insurance coverage, subject to all of the terms, conditions, limitations, and exclusions stated therein, with respect to property located at 3200 Pacific Avenue, Atlantic City, New Jersey 08401. It is further admitted that Exhibit "A" to the Complaint is a true and correct copy of one of the pages to the Policy but is not a complete copy of the Policy. The Policy is in writing and speaks for itself, and any characterization of its contents by Plaintiff is denied. Defendant denies the remainder of the allegations contained in paragraph "2" of the Complaint.

3.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, these averments are denied. By way of further answer, the Policy is in writing and speaks for itself, and any characterization of its contents by Plaintiff is denied..

4.    Admitted in part and denied in part. It is admitted only that KIC received notice of an insurance claim submitted by or on behalf of Plaintiff alleging a loss that purportedly took place on June 10, 2025. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent any response to these remaining averments is required, Defendant otherwise denies the remaining allegations contained in paragraph "4" of the Complaint.

5.    Admitted in part and denied in part. It is admitted only that KIC has not paid Plaintiff any benefits under the Policy with respect to the alleged losses at issue in this lawsuit. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent any response to these remaining averments is required, Defendant denies the allegations contained in paragraph "5" of the Complaint.

6.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.   To the extent any response is required, Defendant denies the allegations contained in paragraph "6" of the Complaint.

7.      Defendant denies the allegations contained in paragraph "7" of the Complaint.

**WHEREFORE**, KIC demands judgment in its favor and against Plaintiff dismissing the Complaint in its entirety with prejudice, together with such other and further relief as the Court may deem appropriate.

## SECOND COUNT

8.      Defendant repeats and incorporates by reference Paragraphs 1 to 7 of this Answer With Affirmative Defenses as if the same were fully set forth herein.

9.      Admitted in part and denied in part.  It is admitted only that KIC issued policy number 0100294829-1 to "Sweet Dreams Resort LLC dba Rodeway Inn Oceanview" for the policy period from April 12, 2025 to April 12, 2026 (the "Policy" or "KIC Policy"), which Policy provides certain insurance coverage, subject to all of the terms, conditions, limitations, and exclusions stated therein, with respect to  property located at 3200 Pacific Avenue, Atlantic City, New Jersey 08401.  It is further admitted that Exhibit "A" to the Complaint is a true and correct copy of one of the pages to the Policy but is not a complete copy of the Policy.  The Policy is in writing and speaks for itself, and any characterization of its contents by Plaintiff is denied. Defendant denies the remainder of the allegations contained in paragraph "9" of the Complaint.

10.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, these averments are denied.  By way of further answer, the Policy is in writing and speaks for itself, and any characterization of its contents

by Plaintiff is denied. Defendant otherwise denies the allegations contained in paragraph "10" of the Complaint.

11.    Admitted in part and denied in part. It is admitted only that KIC received notice of an insurance claim submitted by or on behalf of Plaintiff alleging a loss that purportedly took place on June 10, 2025. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent any response to these remaining averments is required, Defendant denies the allegations contained in paragraph "11" of the Complaint.

12.    Admitted in part and denied in part. It is admitted only that KIC has not paid Plaintiff any benefits under the Policy with respect to the alleged losses at issue in this lawsuit. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent any response to these remaining averments is required, Defendant denies the allegations contained in paragraph "12" of the Complaint.

13.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph "13" of the Complaint.

14.    Defendant denies the allegations contained in paragraph "14" of the Complaint.

**WHEREFORE**, KIC demands judgment in its favor and against Plaintiff dismissing the Complaint in its entirety with prejudice, together with such other and further relief as the Court may deem appropriate.


## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to all of the terms, conditions, provisions, limitations, requirements, and exclusions of the KIC Policy.  The KIC Policy speaks for itself and is the best evidence of its terms, conditions, provisions, limitations, requirements, and exclusions that are specifically pled herein by reference.  To the extent that the Plaintiff's claims do not fall within the coverage of the KIC Policy, or to the extent to which the conditions, provisions, limitations, and exclusions otherwise preclude coverage, there is no coverage for the Plaintiff's alleged losses.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to proper allocation and must be offset by the applicable policy deductibles, waiting periods, and any sublimits of liability, as well as by payments received from any other insurance policies, other insured, self-insured, and/or uninsured party, non-party, person or entity.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has not taken steps to minimize and/or otherwise mitigate Plaintiff's alleged  losses, then such failure to mitigate will bar or reduce any recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

KIC affirmatively asserts each and every term, condition, deductible, limitation, and endorsement contained in the KIC Policy as if pled herein *in extenso*.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy conditions precedent and to meet other obligations necessary

to establish and support coverage, in whole or in part, under the KIC Policy for Plaintiff's alleged

losses.

## EIGHTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

    A.  Coverage

        We will pay for direct physical loss of or damage to Covered
        Property at the premises described in the Declarations caused
        by or resulting from any Covered Cause of Loss.

        1.  Covered Property
            Covered Property, as used in this Coverage Part, means the
            type of property described in this section, A.1., and limited
            in A.2. Property Not Covered, if a Limit Of Insurance is
            shown in the Declarations for that type of property.

* * *

The KIC Policy further states:

    A.  Covered Causes Of Loss
        When Special is shown in the Declarations, Covered Causes of Loss means
        direct physical loss unless the loss is excluded or limited in this policy.

* * *

Plaintiff's claims are barred to the extent Plaintiff's claimed losses or damage do not

constitute direct physical loss  or damage to Covered Property caused by or resulting from a

Covered Cause Of Loss as required by the Policy.

## NINTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

    B.    Exclusions

* * *

        2.    We will not pay for loss or damage caused by or resulting
           from any of the following:

6

\* \* \*

d.    (1)    Wear and tear;

(2)    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, such losses or damage is excluded under the KIC Policy in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

B.    Exclusions

\* \* \*

2.    We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

f.    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from the continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more, such losses or damage are excluded under the KIC Policy, in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

B.    Exclusions

\* \* \*

2.      We will not pay for loss or damage caused by or resulting from any of the following:

* * *

m.      Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from the neglect of an insured to use all reasonable means to save and preserve the property from further damage at and after the time of loss, such losses or damage are excluded under the KIC Policy, in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

B.      Exclusions

* * *

3.      We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

* * *

c.      Faulty, inadequate or defective:

* * *

(2)     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compactions;

(3)     Materials used in repair, construction, renovation or remodeling; or

(4)     Maintenance;

of part of all of any property on or off the described premises.

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from faulty, inadequate, or defective design, specifications, workmanship, repair, construction,

renovation, remodeling, grading, compactions, materials used in repair, construction, renovation

or remodeling or maintenance, such losses or damage are excluded under the KIC Policy, in whole

or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

The KIC Policy states, in pertinent part, as follows:

C.    Limitations

The following limitations apply to all policy forms and
endorsements, unless otherwise stated:

1.    We will not pay for loss or damage to property, as
described and limited in this section. In addition, we will
not pay for any loss that is a consequence of loss or
damage as described and limited in this section.
* * *

c.    The interior of any building or structure,
or to personal property in the building or
structure, caused by or resulting from rain, snow,
sleet, ice, sand or dust, whether driven by wind
or not, unless:

(1)    The building or structure first sustains
damage by a Covered Cause of Loss to its
roof or walls through which the rain,
snow, sleet, ice, sand or dust enters; or

(2)    The loss or damage is caused by or results
from thawing of snow, sleet or ice on the
building or structure.

To the extent that Plaintiff's claimed losses or damage consist of loss or damage to the

interior of any building or structure, or to personal property in the building or structure, caused by

or resulted from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, such damage

is not covered by the KIC Policy unless the building or structure first sustained damage by a

Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust

entered.

## FOURTEENTH AFFIRMATIVE DEFENSE

The KIC Policy Amended Exclusion – Freezing (Special Form) Endorsement states, in pertinent part, as follows:

B.    Exclusions

\* \* \*

2.    We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

g.    Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment caused by or resulting from freezing.

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment caused by or resulting from freezing, such losses or damage are excluded under the KIC Policy, in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

The KIC Policy's Pre-Existing Damage Exclusion Endorsement states, in pertinent part, as follows:

This endorsement modifies insurance provided under the following:

\* \* \*

It is hereby understood and agreed that we do not insure for loss or damage as a result of unrepaired damages caused by an occurrence which took place prior to the inception date of the Policy.

To the extent that Plaintiff's claimed losses or damage were caused by or resulted from unrepaired damages caused by an occurrence which took place prior to the inception date of the Policy, such losses or damage is excluded under the KIC Policy, in whole or in part.

## SIXTEENTH AFFIRMATIVE DEFENSE

As of April 16, 2025, Sweet Dreams Resort LLC is no longer a viable, legal business entity registered in the State of New Jersey because the State revoked and/or voided its business charter. The Plaintiff's failure to notify KIC of this revocation, and the resulting impact on Plaintiff's interests in the Covered Property, represent a forfeiture of coverage under the KIC Policy because it is a violation of the KIC Policy's conditions, and it is a material change to the information on which KIC relied in underwriting the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff Sweet Dreams Resort LLC does not have standing and/or the right to prosecute this lawsuit because it was already a revoked entity prior to the date of the alleged loss and prior to the commencement of this lawsuit.

## RESERVATION OF RIGHTS

Defendant denies all allegations not specifically admitted herein, and reserves the right to amend its Affirmative Defenses as necessary.


Respectfully submitted,

**KENNEDYS CMK LLP**

By:  /s/ *Eduardo DeMarco, Esq.*
        Sean P. Mahoney, Esq.
        Eduardo DeMarco, Esq.
        Attorney for Defendant
        *Kinsale Insurance Company*

400 Connell Drive, Suite 700
Berkeley Heights, NJ 07922
Tel.  (908) 848-6300
Fax: (908) 647-8390
Eduardo.DeMarco@kennedyslaw.com
Sean.Mahoney@kennedyslaw.com

Dated: Berkeley Heights, New Jersey
            February 26, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document was served upon all counsel of record identified below in accordance with the Federal Rules of Civil Procedure on the 26th day of February, 2026:

Stephan J. Tull, Esq.
Law Office of Stephan J. Tull
110 Marter Avenue, Suite 306
Morristown, New Jersey 08057
*Attorney for Plaintiff*


KENNEDYS CMK LLP

By:  /s/ *Eduardo DeMarco, Esq.*
        Eduardo DeMarco, Esq.
        Attorney for Defendant
        *Kinsale Insurance Company*
        400 Connell Drive, Suite 700
        Berkeley Heights, NJ 07922
        Tel.  (908) 848-6300
        Fax: (908) 647-8390
        Eduardo.DeMarco@kennedyslaw.com


Dated: Berkeley Heights, New Jersey
      February 26, 2026