**[ECF No. 22]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **D&M HOSPITALITY LLC,** a/a/o SWEET DREAMS RESORT LLC, d/b/a RODEWAY INN OCEANVIEW,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KINSALE INSURANCE COMPANY,**<br><br>**Defendant.** | **Civil No. 26-2021 (ESK/SAK)** |

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion for an Order dismissing Plaintiff's Amended Complaint, or alternatively, imposing sanctions under Federal Rules of Civil Procedure 16 and 37 for its failure to comply with this Court's orders, ECF No. 22. The Court received Plaintiff's opposition, ECF No. 25, and Defendant's objection thereto,[1] ECF No. 27. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendant's motion is **DENIED** without prejudice.

## I. BACKGROUND

Plaintiff initially filed this action in state court on February 26, 2026, asserting two claims of breach of contract against Defendant arising out of Defendant's alleged denial of coverage under a policy covering Plaintiff's property, numbered 0100294829-1 (the "Policy"). *See* Compl., ECF

[1] Plaintiff filed its opposition eleven (11) days late and never sought, timely or otherwise, to extend this deadline. Defendant requests that the Court not consider the arguments raised therein, or alternatively, to permit it to file a reply. ECF No. 27. Since Plaintiff's opposition has no bearing on the Court's analysis or the disposition of Defendant's motion, the Court will not consider it.

No. 1-1. Defendant subsequently removed the action to federal court. ECF No. 1. Thereafter, Plaintiff filed its First Amended Complaint asserting a single breach-of-contract claim against Defendant. *See* ECF No. 8. Plaintiff owns the subject property. *Id.* ¶ 7. It alleges that, on or about June 16, 2025, "significant water damage" to the property was discovered (the "Loss"). *Id.* ¶ 13. It further alleges that Sweet Dreams Resort LLC d/b/a Rodeway Inn Oceanview ("Sweet Dreams"), its assignor and the named insured under the Policy, timely reported the Loss to Defendant.[2] *See id.* ¶¶ 2, 16, 22. Plaintiff contends the "Loss constituted a direct physical loss or damage to the covered property within the meaning of the Policy." *Id.* ¶ 15. Plaintiff further contends that, "[d]espite its obligations under the Policy, Defendant failed and refused to pay for the Loss." *Id.* ¶ 18. Defendant largely denies Plaintiff's claim but admits, in part, that it issued the Policy and received notice of a claim relating to an alleged loss occurring on June 10, 2025. *See* Answer ¶¶ 2, 13, ECF No. 11.

On April 7, 2026, the Court conducted the initial conference and issued a Scheduling Order. ECF No. 12. Pursuant thereto, a status conference was held on June 4, 2026, at which no issues were raised by either party. Prior to the third conference, Defendant filed two letters advising of discovery issues. *See* ECF Nos. 16, 17. In brief, it claimed Plaintiff's responses were deficient and sought to compel the requested discovery. On August 13, 2026, the Court held a discovery hearing and status conference, at which it granted Defendant's applications. *See* Disc. Order, ECF No. 18. Plaintiff was directed to fully respond to Defendant's discovery requests by September 14, 2026. *See id.* ¶ 1. To the extent that it failed to do so, Defendant was provided with leave to file a motion

[2] Plaintiff and Sweet Dreams entered into an agreement prescribing that all insurance claims relating to the property would be transferred to Plaintiff as the owner. *See* Am. Compl. ¶¶ 23–24. Pursuant to this agreement, the parties executed an "assignment assigning all rights in the [subject] claim to Plaintiff," including the Policy, Loss, and related claim file. *Id.* ¶¶ 25–26.

for sanctions. *See id.* ¶ 2. The Court also issued an Amended Scheduling Order by the same date, extending pretrial fact discovery to November 13, 2026. *See* ECF No. 19, ¶ 1.

On September 16, 2026, Defendant filed the instant motion. It maintains that sanctions are warranted based on Plaintiff's failure to comply with the Court's August 13, 2026 Discovery and Amended Scheduling Orders. *See* Mot. Br. at 2. Defendant argues that Plaintiff "failed to produce the required responses and documents by the September 14, 2026 deadline" pursuant to the Discovery Order. *Id.* at 3. Defendant does not specify, however, how Plaintiff failed to comply with the Amended Scheduling Order. Instead, it merely quotes a portion of that order cautioning that a failure to obey the order may result in the imposition of sanctions under Rule 16(f). *See id.* Nevertheless, Defendant alleges Plaintiff's failure to uphold its discovery obligations and obey the Court's orders demands dismissal. Although it acknowledges this is a harsh remedy reserved for extreme cases, Defendant asserts that it is appropriate because Plaintiff's conduct has been willful and is preventing the case from moving forward. *See id.* at 3–5. It argues this is "demonstrated by Plaintiff's acknowledgment that its discovery responses are incomplete, and by [its] disregard of clear Orders and warnings from the Court." *Id.* at 6. It further argues that Plaintiff's willful conduct obviates the need for the Court to consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). *See id.* at 3–4 (citations omitted).

This notwithstanding, Defendant alternatively argues that the *Poulis* factors weigh in favor of dismissal. *See id.* at 5. Specifically, it argues: (1) that Plaintiff is personally responsible for its willful failure to produce discovery and comply with the Court's orders; (2) that Defendant has been prejudiced by Plaintiff's conduct depriving it of essential discovery to maintain its defense; (3) that the record reflects a history of dilatoriness by Plaintiff since the outset; (4) that any alternative sanctions are ineffective and/or futile; and (5) that the meritoriousness of Plaintiff's

claim is uncertain in the absence of the requested discovery, but even assuming so, this factor alone cannot prevent dismissal or is otherwise outweighed by the other factors. *See id.* at 5–10.

## II. DISCUSSION

### A. Legal Standard

Rule 16(f)(1)(C) prescribes in part that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), if a party fails to obey a discovery order, a court may dismiss the case "in whole or in part." Dismissal is an "extreme sanction" reserved for cases where a party has acted in "flagrant bad faith" or "callous disregard" of its responsibilities. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that district courts possess the inherent equitable powers to dismiss actions for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction, courts generally consider the following six (6) *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868. No factor is dispositive and not all factors need to be met to warrant dismissal. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). The Third Circuit, however, has "always required consideration and balancing of *all six* of the factors" before imposing the sanction

of dismissal. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003) (emphasis in original) (citations omitted).[3]

**B. Analysis**

Here, the Court finds that an analysis of the *Poulis* factors does not support the dismissal of Plaintiff's First Amended Complaint at this time. To start, Defendant's motion is premature. Additionally, the primary sanction it seeks—which is extreme by any measure—is exceptionally extreme here given the infancy of the case. The record is simply not developed enough to warrant the sanction of dismissal at this juncture. For these reasons, and those discussed more fully below, the Court will deny Defendant's motion without prejudice.

**1. Extent of a Party's Personal Responsibility**

The Court first considers whether the party and/or its counsel "bears personal responsibility for the action or inaction." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). Defendant argues that Plaintiff is personally responsible for failing to produce discovery and to comply with the Court's orders since it "expressly acknowledged" its deficiencies and "has produced no responses or documents since." Mot. Br. at 5. Defendant further argues that it is not relevant whether counsel is unable to obtain the discovery from Sweet Dreams, as assignor, or from Plaintiff itself. *See id.* n.1 (citation omitted) (asserting that, as the assignee of the insurance claim, Plaintiff "has an obligation to obtain and produce responsive documents in the possession of Sweet Dreams"). It also asserts there is no reason to believe counsel is responsible and lays the blame largely on Plaintiff. *See id.* at 6. The Court agrees, in part. Since the motion is unopposed, there is no dispute that Plaintiff carries full responsibility for its conduct. The fact that opposition

[3] This requirement is only relaxed "under sufficiently extreme circumstances," such as where a litigant willfully "refuses to prosecute his case or effectively makes it impossible to proceed." *Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (citations omitted).

was not timely filed—a fact caused by a failure that lies with counsel—the Court assigns responsibility equally among counsel and Plaintiff for this conduct. As such, the Court finds that the first factor weighs in favor of dismissal.

**2. Prejudice Caused to the Adversary**

Next, the Court considers the prejudice to Defendant caused by Plaintiff's conduct. *Poulis*, 747 F.2d at 868. This includes "extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." *Reilly v. Home Depot U.S.A., Inc.*, 670 F. Supp. 3d 126, 143 (D.N.J. 2023) (citation omitted). It may also include "irretrievable loss of evidence" or "excessive and possibly irremediable burdens or costs." *See id.* (citation omitted).

Defendant asserts it has been prejudiced by Plaintiff's conduct. *See* Mot. Br. at 6. It argues that Plaintiff has provided "no information" that "would allow [it] to begin preparing its defenses." *Id.* at 7. Defendant also argues it "has been forced to expend additional time, effort, and financial expense to seek out discovery from Plaintiff." *Id.* Although the scale and severity of the prejudice appears to be overstated, Plaintiff's conduct has undoubtedly prejudiced Defendant. To be clear, the Court does not seek to minimize this prejudice or excuse the misconduct. Rather, the Court deems it necessary to take all considerations into account. This includes that, at the time Defendant filed its motion, the case had been pending for less than seven (7) months. Pretrial fact discovery was and is still open. *See* ECF No. 19. Likewise, there is no allegation that evidence was lost or that the burdens or costs incurred by Defendant cannot be remediated. The Court must note that "[p]rejudice need not be "irremediable harm that could not be alleviated by . . . reopening discovery and postponing trial." *Adams*, 29 F.3d at 874 (citation omitted). Nevertheless, the Court finds that the second factor weighs in favor of dismissal.

**3. History of Dilatoriness**

Under the third factor, the Court considers whether Plaintiff has a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* (citation omitted). "However, conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citations omitted). The Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Id.* (quoting *Adams*, 29 F.3d at 875).

Defendant argues that Plaintiff has a "history of dilatory conduct." Mot. Br. at 8. It relies on a single district court decision for the proposition that this factor weighs in favor of dismissal when a party fails to respond to discovery or motions, ignores court orders, and fails to explain its delinquent conduct. *See id.* at 8–9 (citing *Thomas v. Harry*, No. 15-0163, 2016 WL 2647558, at *3 (M.D. Pa. May 10, 2016)). The facts of that case, however, are inapposite to those at hand. In *Thomas*, initial disclosures established that the plaintiff's claim was meritless, resulting in his attorney's withdrawal. *See* 2016 WL 2647558, at *1. Thereafter, he chose to proceed *pro se* and seemingly abandoned his case. *Id.*; *see id.* at *2 (finding that his "unrelenting silence in the face" of the court's orders, prolonged delinquencies, and failure "to perform a single task" for nearly six (6) months demonstrated the plaintiff had a history of dilatoriness). By comparison, Plaintiff has never failed to appear before the Court when ordered. It has, however, failed to provide discovery to Defendant. It also failed to comply with the Court's Discovery Order. In light of the foregoing, the Court finds that Plaintiff's conduct does not constitute a history of dilatoriness. If such conduct persists, however, it certainly could do so in the future. The record is simply not developed enough to conclude otherwise. Thus, the Court finds that the third factor weighs against dismissal.

**4. Willful or Bad-Faith Conduct**

The fourth *Poulis* factor requires the Court to assess whether the conduct was willful or done in bad faith. This can apply when the conduct demonstrates a "callous disregard of responsibilities" by a party and/or counsel. *Reilly*, 670 F. Supp. 3d at 145 (citation omitted). It can also apply to "repeated and self-serving instances of flouting court authority and professional irresponsibility." *Adams*, 29 F.3d at 876. It cannot, however, apply to mere negligent conduct. *See id.* In particular, tardiness or delay alone do not automatically amount to willfulness. *See id.* at 875–76. There must be some indication that the conduct was "strategic or self-serving." *Id.* at 876.

Defendant characterize Plaintiff's conduct as willful. *See* Mot. Br. at 5–6. It alleges that the willful nature of Plaintiff's conduct is "demonstrated by [it] acknowledgment that its discovery responses are incomplete, and by [its] disregard of clear Orders and warnings from the Court." *Id.* at 6. The Court disagrees. The present record fails to reflect that Plaintiff's conduct amounts to a callous disregard of responsibilities. While acknowledging the incompleteness of its responses, it also explained that it had been "*communicating directly with those who may be in possession of the remaining requested documents and information*." *See id.* at 4 (emphasis in original) (quoting Ex. A). Its conduct cannot be considered repeated either. The Court notes that it initially did not provide the subject discovery to Defendant, resulting in the Court's Discovery Order compelling it to do so. Nevertheless, the record reflects a single instance of Plaintiff failing to comply with an order. The Court also finds no evidence its conduct has been self-serving. Plaintiff's conduct is more akin to "a prime example of inexcusable negligent behavior," not willful misconduct. *Adams*, 29 F.3d at 876. At present, the Court simply cannot find that counsel or Plaintiff itself acted in willful disregard of its discovery obligations or the Court's orders. As such, the Court finds that the fourth factor weighs against dismissal.

**5. Effectiveness of Alternative Sanctions**

The fifth factor requires the Court consider the effectiveness of alternatives to the extreme sanction of dismissal. "Appropriate or 'just' sanctions may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 713 (D.N.J. 2015) (citation omitted). "[S]anctions should be tailored to address the harm identified" and evaluated under "the totality of the circumstances." *Id.* (citation omitted).

Defendant expressly argues that alternative sanctions are not effective. *See* Mot. Br. at 9. It asserts that "[a]ny alternative sanction would not only require [Defendant] and the Court to waste additional resources . . . , but it also would require another amendment to the Scheduling Order to avoid irreparable prejudice to [Defendant]." *Id.* Likewise, it asserts that a monetary sanction would not suffice since it would only compensate it "for a portion of the expenses incurred to date" and not guarantee production of the subject discovery. *Id.* At present, the Court agrees that a monetary sanction may be premature and piecemeal, and dependent upon Plaintiff's conduct going forward. Considering this uncertainty and the case's procedural posture with pretrial fact discovery ongoing, the Court finds that the appropriate sanction for Plaintiff's conduct is an admonition. The Court expects its admonition will deter similar conduct in the future. Plaintiff is forewarned, however, that the Court may entertain a future application for sanctions and impose fees and costs if it fails to correct course. Therefore, while the Court does not find that the extreme sanction of dismissal is currently warranted, the Court does so without prejudice.

**6. Meritoriousness of Claims and Defenses**

The final *Poulis* factor requires the Court to consider the meritoriousness of the claims and defenses. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings,

if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. Here, the Court notes that Defendant did not seek to dismiss Plaintiff's claim by filing a motion pursuant to Rule 12(b)(6), nor did it assert that the claim is frivolous by filing a motion pursuant to Rule 11. Consequently, the Court finds that the final factor is neutral in the context of sanctions. *See Reilly*, 670 F. Supp. 3d at 146 (citations omitted) (noting that the Third Circuit directs district courts to deem this factor neutral in the absence of a pleading asserting a dispositive defense or claim).

## III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **6th** day of **November**, **2026**, that Defendant's motion [ECF No. 22] is **DENIED** without prejudice. The Court finds that Plaintiff violated the Court's August 13, 2026 Discovery Order but that the record does not warrant the sanction of dismissal at this time. Instead, the Court grants sanctions in the form of an admonition for Plaintiff's violation; and it is further

**ORDERED** that, to the extent it has not already done so, Plaintiff shall fully respond to all outstanding discovery requests by **December 1, 2026**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.